# In the United States Court of Federal Claims

No. 20-875C

(Filed: February 19, 2021)

```
*************************** *
RONALD R. MYLES, JR.,       *
                            *
         Plaintiff,         *
                            *
      v.                    *
                            *
THE UNITED STATES,          *
                            *
         Defendant.         *
*************************** *
```

<u>Pro Se</u> Prisoner Claim; Collateral Attack on Criminal Conviction; Seizure of Property During Criminal Proceedings; Fifth Amendment Takings Claim; RCFC 12(b)(1); RCFC 12(b)(6)

Ronald R. Myles, Jr., Glenville, WV, <u>pro se</u>.

Zachary J. Sullivan, United States Department of Justice, Washington, DC, for defendant.

**OPINION AND ORDER**

**SWEENEY**, Senior Judge

Plaintiff Ronald R. Myles, Jr., a prisoner in a federal corrections facility proceeding <u>pro se</u>, asserts that he was wronged during his prosecution and conviction for armed bank robbery. He seeks the return of confiscated property and hundreds of millions of dollars in damages. Defendant moves to dismiss Mr. Myles's complaint for lack of jurisdiction and, in the alternative, for failure to state a claim upon which relief can be granted. For the reasons set forth below, the court grants defendant's motion.

**I. BACKGROUND**

Mr. Myles was arrested in 2016 and was found guilty on two counts of armed bank robbery for bank robberies that took place on June 4 and June 17, 2016.[1] Compl. Exs. 9-10. When he was arrested, authorities confiscated more than $137,000 in cash, marijuana, and a Mercedes, along with other personal property. <u>Id.</u> at 9. As part of the proceedings in federal district court, he moved to suppress evidence found in his hotel room and for the return of the confiscated personal property. <u>Id.</u> at 10. His appeal of the district court's rejection of his request was denied by the United States Court of Appeals for the Sixth Circuit ("Sixth Circuit"). <u>See id.</u>

---

[1] The court derives this background information from the complaint and attachments thereto. Page references to these materials are provided by the court's electronic filing system.

at 9-11; see also United States v. Myles, No. 17-3817, slip op. at 5 (6th Cir. Feb. 21, 2019) (affirming district court's judgment), cert. denied, 139 S. Ct. 2679 (2019).

Mr. Myles is currently serving his sentence. In his complaint filed on July 13, 2020, the following allegations are presented and give shape to his claims: (1) the district court engaged in an "illegal Appellate Review" of a state court "warrant Ruling" rendered on July 21, 2016, Compl. 4; (2) his conviction in federal district court was "invalid," id. at 5; (3) he was the subject of "malicious prosecution," id. at 4, 6; (4) he is owed "pain and suffering" damages as well as other kinds of damages related to the interruption of his music career, id. at 5-7; (5) he has been the subject of "cruel" punishment in prison, id.; and (6) he has been deprived of his private property, i.e., $150,000 in cash seized at the time of his arrest, id. He seeks $300,150,000 in monetary compensation from the United States, composed of the following four elements: $100,000,000 for "music & career damages/potential royalties"; $100,000,000 for the violation of various laws and constitutional rights; $100,000,000 for the "Pain and Suffering value on the level of his music career," also characterized as "Punitive Damages"; and $150,000 for the seized cash that was "taken by the Federal Government." Id. at 6-8. Given that Mr. Myles also seeks "Pro Se Legal Fees" at a rate of fifty percent of any damages award, his fee request could add as much as $150,075,000 to the monetary compensation he requests in this suit. Id. at 8.

Defendant responded to the complaint by filing a motion to dismiss pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"), arguing that the court lacks jurisdiction to entertain Mr. Myles's claims and, alternatively, pursuant to RCFC 12(b)(6), contending that the complaint fails to state a claim upon which relief can be granted. Mr. Myles responded to the motion by filing a document titled "Plaintiff[']s Motion for Summary Judgment (Rule 56)," which the court deemed a combined response brief and motion for summary judgment. The court stayed proceedings on the summary judgment motion pending the resolution of defendant's motion to dismiss. Defendant then filed a reply in support of its motion to dismiss. Because the court deems oral argument unnecessary, the motion is ripe for adjudication.

## II. Standards of Review

### A. Pro Se Plaintiffs

Pro se pleadings are "held to less stringent standards than formal pleadings drafted by lawyers" and are "to be liberally construed." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). However, the "leniency afforded to a pro se litigant with respect to mere formalities does not relieve the burden to meet jurisdictional requirements." Minehan v. United States, 75 Fed. Cl. 249, 253 (2007); accord Henke v. United States, 60 F.3d 795, 799 (Fed. Cir. 1995) ("The fact that [the plaintiff] acted pro se in the drafting of his complaint may explain its ambiguities, but it does not excuse its failures, if such there be."). In other words, a pro se plaintiff is not excused from his burden of proving, by a preponderance of evidence, that the court possesses jurisdiction. See Banks v. United States, 741 F.3d 1268, 1277 (Fed. Cir. 2014) (citing Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988)).

### B. Motion to Dismiss Under RCFC 12(b)(1)

When considering whether to dismiss a complaint for lack of jurisdiction pursuant to RCFC 12(b)(1), the court assumes that the allegations in the complaint are true and construes those allegations in the plaintiff's favor. Trusted Integration, Inc. v. United States, 659 F.3d 1159, 1163 (Fed. Cir. 2011). Whether the court has subject matter jurisdiction to decide the merits of a case is a threshold matter. See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94-95 (1998). "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." Ex parte McCardle, 74 U.S. (7 Wall.) 506, 514 (1868).

The ability of the United States Court of Federal Claims ("Court of Federal Claims") to entertain suits against the United States is limited. "The United States, as sovereign, is immune from suit save as it consents to be sued." United States v. Sherwood, 312 U.S. 584, 586 (1941). The waiver of immunity "cannot be implied but must be unequivocally expressed." United States v. King, 395 U.S. 1, 4 (1969).

The Tucker Act, the principal statute governing the jurisdiction of this court, waives sovereign immunity for claims against the United States that are founded upon the United States Constitution, a federal statute or regulation, or an express or implied contract with the United States. 28 U.S.C. § 1491(a)(1). However, the Tucker Act is merely a jurisdictional statute and "does not create any substantive right enforceable against the United States for money damages." United States v. Testan, 424 U.S. 392, 398 (1976). Instead, the substantive right must appear in another source of law, such as a "money-mandating constitutional provision, statute or regulation that has been violated, or an express or implied contract with the United States." Loveladies Harbor, Inc. v. United States, 27 F.3d 1545, 1554 (Fed. Cir. 1994) (en banc).

To determine whether it has jurisdiction, the court discerns the true nature of the claims in the complaint and is not constrained by the plaintiff's characterization of those claims. Katz v. Cisneros, 16 F.3d 1204, 1207 (Fed. Cir. 1994). If the court finds that it lacks subject matter jurisdiction over a claim, RCFC 12(h)(3) requires the court to dismiss that claim.

### C. Motion to Dismiss Under RCFC 12(b)(6)

A claim is subject to dismissal under RCFC 12(b)(6) if it does not provide a basis for the court to grant relief. Lindsay v. United States, 295 F.3d 1252, 1257 (Fed. Cir. 2002) ("A motion to dismiss . . . for failure to state a claim upon which relief can be granted is appropriate when the facts asserted by the claimant do not entitle him to a legal remedy."). To avoid dismissal under the rule, a plaintiff must include in his complaint "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). In other words, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556). In ruling on such a motion, the court must "accept as true all of the factual allegations contained in the complaint." Erickson, 551 U.S. at

94 (citing Twombly, 550 U.S. at 555-56).  Further, "a court 'must consider the complaint in its entirety, . . . in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.'"  Rocky Mountain Helium, LLC v. United States, 841 F.3d 1320, 1325 (Fed. Cir. 2016) (quoting Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007)).

### III.  DISCUSSION

#### A.  Mr. Myles's Principal Claim, a Collateral Attack on His Criminal Conviction, Must Be Dismissed for Lack of Jurisdiction

In his complaint, Mr. Myles focuses primarily on his criminal conviction and the "catastrophic financial damage" of that conviction on his life and music career.  Compl. 5.  This is not the forum, however, to attempt to reverse the conviction that has affected his life.[2]  As defendant notes in its motion to dismiss, this court has no jurisdiction to review the validity of a criminal conviction in a federal district court.  See Def.'s Mot. 1 (citing Joshua v. United States, 17 F.3d 378, 380 (Fed. Cir. 1994); Perkins v. United States, No. 13-023C, 2013 WL 3958350, at *3 (Fed. Cl. July 31, 2013)).  Because in this suit Mr. Myles's primary claim challenges aspects of federal district court criminal proceedings and his conviction and sentencing for armed bank robbery, this court lacks jurisdiction to consider the claim, which is, at bottom, a collateral attack on his conviction.  See Joshua, 17 F.3d at 380 (stating that "the Court of Federal Claims does not have jurisdiction to review the decisions of district courts").

Mr. Myles also fails to identify a money-mandating source of law that supports Tucker Act jurisdiction for the claims underlying his attack on his criminal conviction.  Cf. id. (affirming the dismissal of a prisoner's suit for lack of jurisdiction on the additional ground that he "did not identify any substantive right, founded upon either a money mandating statute or the Constitution, which might form the basis for his claim").  First, Mr. Myles repeatedly asserts that the federal district court did not respect an evidentiary ruling of a state court.  Compl. 2-8; Pl.'s Resp. 3-6, 9-11.

Specifically, Mr. Myles contends that there was an irreconcilable conflict between, on one hand, the state court's ruling on the status of various search and arrest warrants and, on the other hand, the validity of the search warrant that authorized the use of evidence obtained in his hotel room.  See Compl. 4-5 (stating that a state court ruling on July 21, 2016, invalidated the search warrant that uncovered the evidence critical to his federal conviction on two counts of armed bank robbery).  Based on his interpretation of a statement made by the state court judge and subsequent events, Mr. Myles contends that his federal conviction violates the full faith and

---

[2] It appears from one of the documents attached to the complaint that Mr. Myles recently advanced similar arguments in a federal district court suit where he sought $100,000,000 in damages from the United States.  Compl. Exs. 12-14.  Once Mr. Myles's district court complaint was dismissed sua sponte on May 18, 2020, id., he turned to this court less than two months later.

credit provision of 28 U.S.C. § 1738.³

Mr. Myles's claim based an alleged violation of § 1738 is not within this court's jurisdiction. The first step in the jurisdictional inquiry is to determine whether § 1738 is a money-mandating statute. Fisher v. United States, 402 F.3d 1167, 1173 (Fed. Cir. 2005) (en banc) (stating that "the trial court at the outset shall determine . . . whether the Constitutional provision, statute, or regulation is one that is money-mandating"). As defendant notes in its motion to dismiss, this court has held that the full faith and credit provision in the United States Constitution, U.S. Const. art. IV, § 1, which is applied to federal courts by the full faith and credit language in § 1738, Graybill v. U.S. Postal Serv., 782 F.2d 1567, 1571 (Fed. Cir. 1986), is not money-mandating so as to establish Tucker Act jurisdiction for claims in this court. See Brown v. United States, No. 19-671C, 2019 WL 5681549, at *6 (Fed. Cl. Nov. 1, 2019) (citing Republic of New Morocco v. United States, 98 Fed. Cl. 463, 468 (2011)). Because § 1738 is not money-mandating, an alleged violation of § 1738 is not a claim within this court's Tucker Act jurisdiction.

In addition, Mr. Myles's malicious prosecution claim, to the extent that claim could be distinguished from the collateral attack on his criminal conviction, is also outside of this court's jurisdiction because it sounds in tort. See, e.g., Bennett v. United States, 155 Ct. Cl. 300, 300-01 (1961) (describing a malicious prosecution claim as a tort claim and dismissing the claim for lack of jurisdiction); Hernandez v. United States, 96 Fed. Cl. 195, 203 (2010) (same); C.B.C. Enters., Inc. v. United States, 24 Cl. Ct. 1, 2 (1991) (same); see also 28 U.S.C. § 1491(a)(1) (excluding claims "sounding in tort" from Tucker Act jurisdiction). Mr. Myles also includes in the complaint a long list of constitutional rights that were allegedly violated by his prosecution, conviction, and incarceration, Compl. 8, but the constitutional provisions guaranteeing those rights—the Fourth, Eighth, Tenth, and Fourteenth Amendments—are not money-mandating so as to support Tucker Act jurisdiction in this court. See Brown v. United States, 105 F.3d 621, 623 (Fed. Cir. 1997) (Fourth Amendment not money-mandating); Trafny v. United States, 503 F.3d 1339, 1340 (Fed. Cir. 2007) (Eighth Amendment not money-mandating); Milgroom v. United States, 122 Fed. Cl. 779, 800 (2015) (Tenth Amendment not money-mandating), aff'd, 651 F. App'x 1001 (Fed. Cir. 2016); LeBlanc v. United States, 50 F.3d 1025, 1028 (Fed. Cir. 1995) (Fourteenth Amendment not money-mandating).

Because none of the sources of law relied upon by Mr. Myles for the claims underlying his attack on his criminal conviction is money-mandating, dismissal of these claims for lack of jurisdiction is appropriate. See Fisher, 402 F.3d at 1173 ("If the court's conclusion is that the source as alleged and pleaded is not money-mandating, the court shall so declare, and shall dismiss the cause for lack of jurisdiction, a Rule 12(b)(1) dismissal—the absence of a money-mandating source being fatal to the court's jurisdiction under the Tucker Act.").

In sum, Mr. Myles's principal claim is a collateral attack on his criminal conviction. This

---

³ The Sixth Circuit rejected Mr. Myles's challenge to the legitimacy of the search warrant and the evidence used to convict him. Compl. Exs. 11-12; see also Myles, slip op. at 4.

court of limited jurisdiction does not serve as an appellate forum for Mr. Myles to challenge the federal district court proceedings that have, in his view, cost him millions of dollars in damages. See, e.g., Carter v. United States, 228 Ct. Cl. 898, 900 (1981) ("If plaintiff had valid constitutional defenses to his convictions on criminal charges, he should have asserted them on appeal in the proper court.  This is not such a court and he cannot here be heard to make a collateral attack on his convictions under the guise of a claim for money damages.").  Mr. Myles's claim for money damages related to the impact of his conviction on his life and career must be dismissed for lack of subject-matter jurisdiction.  The court turns next to Mr. Myles's other claims:  a takings claim and a breach-of-contract claim.

### B. Mr. Myles's Remaining Claims Must Be Dismissed for Failure to State a Claim Upon Which Relief Can Be Granted

#### 1. Property Seizure During Arrest Does Not Give Rise to a Takings Claim

Once defendant filed its motion to dismiss, Mr. Myles expanded upon the nature of his claims and explicitly asserted that one of his claims was founded on the Takings Clause of the Fifth Amendment to the United States Constitution.[4]  Pl.'s Resp. 6.  The argument he makes in this regard is that the cash in his possession at the time of his arrest, $150,000, was private property that was taken for public use when it was seized, and that he is now owed just compensation in the amount of $150,000.  Id. at 4-8.  But as this court has held, seizure of property in the course of a criminal investigation is not a taking under the Fifth Amendment.  See Seay v. United States, 61 Fed. Cl. 32, 35 (2004) ("The reason that these claims do not amount to a taking is because items properly seized by the government under its police power are not seized for 'public use' within the meaning of the Fifth Amendment.").  Property seizures in the course of a criminal investigation, in other words, are not a valid basis for a takings claim.  See Acadia Tech., Inc. v. United States, 458 F.3d 1327, 1331 (Fed. Cir. 2006) ("When property has been seized pursuant to the criminal laws . . . , such deprivations are not 'takings' for which the owner is entitled to compensation.").  Thus, Mr. Myles's claim under the Takings Clause of the Fifth Amendment must be dismissed pursuant to RCFC 12(b)(6) for failure to state a claim upon which relief can be granted.  See Kam-Almaz v. United States, 682 F.3d 1364, 1371-72 (Fed. Cir. 2012).

#### 2. There Is No Plausible Contract Claim in Either the Complaint or Plaintiff's Response Brief

Finally, the court addresses plaintiff's unexplained reference to a breach of contract by

---

[4] In his response brief, Mr. Myles also references, without explanation, a "contract" as support for his allegation that this court possesses jurisdiction over his claims, a topic that will be discussed in Section III.B.2 of this opinion.  See Pl.'s Resp. 1 (mentioning a "contractual agreement enforceable against the defendant"), 4 (referencing a "5th Amendment contract violation"), 7 (alluding to a "5th Amendment Takings Clause Contract"), 8 (employing the term "breach of contract").

the United States in the context of his conviction for armed bank robbery. Pl.'s Resp. 8. The court notes, first, that this theory is nowhere mentioned in the complaint, and only appeared in plaintiff's response brief after the court's jurisdictional limits were discussed by defendant in its motion to dismiss. To the extent that the complaint could now be read to have been informally amended to include a breach-of-contract claim, such a claim is not plausible given the factual allegations in the complaint.

Mr. Myles's contract theory appears to be associated with the Fifth Amendment. See Pl.'s Resp. 4 (referencing a "5th Amendment contract violation"), 7 (alluding to a "5th Amendment Takings Clause contract"). If Mr. Myles is attempting to buttress his takings claim with the addition of "contract" vocabulary extracted from the Tucker Act, see id. at 1-2 (quoting 28 U.S.C. § 1491(a)(1) and underlining the words "any express or implied contract"), his takings claim, discussed in Section III.B.1 of this opinion, is unimproved by the addition of the word "contract" and still must be dismissed for failure to state a claim upon which relief can be granted.

Mr. Myles does not explain his reference to a contract that was breached by the United States. However, he acknowledges that certain elements must be pled to state a plausible contract claim. Pl.'s Resp. 8 (citing San Carlos Irrigation & Drainage Dist. v. United States, 877 F.2d 957, 959 (Fed. Cir. 1989)). The four required elements are: "(1) a valid contract between the parties, (2) an obligation or duty arising out of the contract, (3) a breach of that duty, and (4) damages caused by the breach." San Carlos Irrigation & Drainage Dist., 877 F.2d at 959. Mr. Myles has not alleged any of the first three elements so as to state a plausible contract claim. For this reason, to the extent that the complaint was informally amended to include a contract claim, that claim must be dismissed pursuant to RCFC 12(b)(6) for failure to state a claim upon which relief can be granted. See, e.g., Bell/Heery v. United States, 739 F.3d 1324, 1326, 1334 (Fed. Cir. 2014) (affirming a dismissal under RCFC 12(b)(6) where the elements of a breach of contract claim were not plausibly alleged).

## IV. CONCLUSION

There is no jurisdiction in this court for the claims stated by Mr. Myles in his complaint, except for a takings claim that was not presented with any clarity until his response brief was filed and, even then, the allegations failed to state a claim. The court therefore grants defendant's motion to dismiss brought under RCFC 12(b)(1). Mr. Myles's takings claim and his contract claim, which was only presented informally in his response brief, must also be dismissed; therefore, the court grants defendant's motion to dismiss those two claims under RCFC 12(b)(6).

Consequently, the court **GRANTS** defendant's motion to dismiss, **DENIES** plaintiff's motion for summary judgment as moot, **DISMISSES WITHOUT PREJUDICE** the claims in the complaint for lack of jurisdiction, except for his takings and contract claims, and **DISMISSES WITH PREJUDICE** the takings and contract claims for failure to state a claim upon which relief can be granted.

As for the filing fee that is due and owing for having brought this lawsuit, the court granted Mr. Myles's application to proceed in forma pauperis and waived his prepayment of the filing fee.  Notwithstanding the court's waiver, prisoners seeking to proceed in forma pauperis are required to pay, over time, the filing fee in full.  28 U.S.C. § 1915(b).  Thus, Mr. Myles shall be assessed, as a partial payment of the court's filing fee, an initial sum of twenty percent of the greater of (1) the average monthly deposits into his account, or (2) the average monthly balance in his account for the six-month period immediately preceding the filing of his complaint.  See id. § 1915(b)(1).  Thereafter, Mr. Myles shall be required to make monthly payments of twenty percent of the preceding month's income credited to his account.  See id. § 1915(b)(2).  The agency having custody of Mr. Myles shall forward payments from his account to the clerk of the Court of Federal Claims each time the account balance exceeds $10 and until such time as the filing fee is paid in full.  See id.

No costs are awarded.  The clerk is directed to enter judgment accordingly.  Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith because, as alleged, Mr. Myles's claims are clearly beyond the subject matter jurisdiction of this court or clearly fail as a matter of law.

**IT IS SO ORDERED.**

MARGARET M. SWEENEY
Senior Judge